UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FACTORY TECHNOLOGIES, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NEIL JONES FOODS COMPANY, et al.,<br><br>    Defendants. | Case No. 21-cv-09885-WHO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO AMEND COUNTERCLAIM**<br><br>Re: Dkt. Nos. 95, 109 |

Defendant Neil Jones Foods Company ("NJFC") moves for leave to file a first amended counterclaim against Plaintiff/Counter-Defendant Factory Technologies, Inc. ("FTI") (Dkt. No. 95) to address arguments made in FTI's pending Motion for Summary Judgment (Dkt. No. 72). Specifically, NJFC seeks to show that a particular purchase order attached as an exhibit to its counterclaim—Purchase Order 146524, Revision 10—is not a "fabricated" document, contrary to FTI's assertion. FTI responds that the motion is unduly delayed, in bad faith, driven by dilatory motive, futile, and that granting it would cause FTI to be prejudiced. I disagree on all fronts. This matter is suitable for disposition on the papers, and the hearing set for December 6, 2023, is VACATED. For the reasons that follow, NJFC's motion is GRANTED.[1]

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). When weighing whether to grant leave to amend, a district court considers: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies; (4) prejudice to the opposing party;

---

[1] Counter-defendant Central Valley Electric ("CVE") moves to join FTI's Opposition to NJFC's motion for leave to file a first amended counterclaim. Dkt. No. 109. CVE's Motion for Joinder is GRANTED.

and (5) futility of the amendment. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

I see no evidence of undue delay. While NJFC may have been aware of the revisions to the Purchase Order for some time, it was not apparent that the veracity and content of the Purchase Order would be central to FTI's defense to NJFC's counterclaim until FTI filed its motion for summary judgment on October 6, 2023. Once NJFC became aware that FTI was arguing that the Purchase Order was falsified or fabricated, NJFC filed the motion for leave to amend its counterclaim within three weeks. *See* Dkt. Nos. 72, 95. That is not undue delay.[2]

There is no evidence that NJFC brings this motion in bad faith or with dilatory motive. Bad faith exists when the moving party seeks to amend merely to prolong the litigation by adding "new but baseless legal theories," or when the argument is made with wrongful motive. *See Griggs v. Pace American Group, Inc.,* 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.3d 183, 187 (9th Cir. 1987). FTI attacks the merits of NJFC's counterclaim about the Purchase Order and its alleged revisions but whether the Purchase Order and its alleged revisions either were fabricated or do not support NJFC's counterclaim must be determined on summary judgment or at trial. FTI's merits-based arguments about these documents do not show bad faith by NJFC. *See* Oppo. 14:15-15:16.

A party is prejudiced by a proposed amendment to pleadings when that amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). NJFC is not advancing a new claim that would necessitate as yet-unconducted discovery by FTI; indeed, it is evident from FTI's motion for summary judgment that it has already conducted significant discovery into the source, background, validity, and general nature of the

---

[2] One of FTI's primary arguments in opposition to NJFC's motion for leave to amend is that FTI had already questioned the authenticity of the Purchase Order in prior litigation in Washington State Court. *See* Dkt. No. 105, Request for Judicial Notice, Ex. B (Defendant Factory Technologies, Inc.'s Motion to Dismiss, Alternative Motion to Transfer Venue, and Request for Attorney Fees in *Neil Jones Food Company v. Factory Technologies, Inc.* Case No. 20-2-02438-06). The case was dismissed for lack of personal jurisdiction on February 18, 2022. *See* Dkt. No. 105-1, Ex. G. The state court's order granting defendants FTI and CVE's motions to dismiss did not address the issue of the Purchase Order's authenticity; indeed, it did not mention the Purchase Order at all. *Id.* That FTI raised an unadjudicated argument in that action does not bear on undue delay here.

1  Purchase Order in question. *See* MSJ, IV(B). Allowing NJFC's narrow proposed amendments
2  will not prejudice FTI.
3        In its Opposition, FTI asks that if I grant leave to amend, I also: (1) order NJFC to serve
4  verified amended and/or responses to its prior discovery responses within 15 days of filing its
5  amended counterclaim; (2) permit the Plaintiff/Counter-Defendants to propound ten further
6  requests for admission and ten further special interrogatories to NJFC; (3) order NJFC to produce
7  a Rule 30(b)(6) deponent to testify on the amended counterclaim; and asks (4) that the time for the
8  Plaintiff/Counter-Defendants to respond to NJFC's amended counterclaim, move for summary
9  judgment, or amend FTI's pending motion for summary judgment be extended for 30 days. It
10 does not explain how the further discovery sought would help it or the other Counter-Defendants
11 defend against the amended counterclaim, particularly given the extensive discovery to date. FTI
12 has been litigating the validity of the Purchase Order since the outset of this case and may have
13 done the same in the lawsuit in the State of Washington. That said, if the amended counterclaim
14 alters the substance of NJFC's prior discovery responses, NJFC must serve verified amendments
15 to its prior discovery responses by **December 4, 2023**. If such substantive amendments require
16 more time to respond to than the revised schedule below provides, the parties shall contact Jean
17 Davis, Courtroom Deputy, to be added to the Case Management Calendar on December 5, 2023.
18       Finally, the proposed amendment is not futile. A proposed amendment is futile only when
19 "no set of facts can be proved under the amendment to the pleadings that would constitute a valid
20 and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).
21 NJFC seeks to amend its counterclaim to show that the Purchase Order was not fabricated but was
22 subject to multiple revisions. As noted above, FTI makes numerous merits-based arguments why
23 the Purchase Order and its alleged revisions do not support NJFC's counterclaim; those arguments
24 do not amount to futility.
25       NJFC's motion for leave to amend its counterclaim is GRANTED. NJFC shall file the
26 amended counterclaim by **December 1, 2023**.
27       Acknowledging that FTI has already filed its motion for summary judgment against
28 NJFC's original counterclaim, and the veracity of the Purchase Order was the centerpiece of FTI's

argument, FTI at its discretion may revise and replace its motion for summary judgment or file a supplemental brief in support of its pending motion to address the amended counterclaim. The supplemental brief shall not exceed five pages. The revised motion or supplemental brief shall be filed by **December 8, 2023**. The deadline for all other motions for summary judgment is extended to **December 8, 2023**. All oppositions are now due **December 22, 2023**. Any replies are due **January 10, 2024**. The hearing on the motion for summary judgment is reset to **January 24, 2024**.

**IT IS SO ORDERED.**

Dated: November 28, 2023



William H. Orrick
United States District Judge

4